UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JUAN CARLOS PERLAZA-CAICEDO PETITIONER

V. CIVIL ACTION NO. 3:25-CV-566-DPJ-ASH

WARDEN UNKNOWN CHILDRESS RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner Juan Carlos Perlaza-Caicedo filed this 28 U.S.C. § 2241 habeas petition challenging the Bureau of Prisons' calculation of sentencing credits he says he earned under the First Step Act. As explained below, the undersigned recommends the Court deny Perlaza-Caicedo's petition.

I. Facts and Procedural History

On June 13, 2024, the United States District Court for the Middle District of Florida sentenced Perlaza-Caicedo to serve a 168-month term of incarceration following his guilty plea to a charge of conspiracy to distribute cocaine on board a vessel subject to the jurisdiction of the United States. As of September 23, 2025, Perlaza-Caicedo, who is incarcerated at the Federal Correctional Complex in Yazoo City, had a projected statutory release date of April 7, 2031, based on the assumption that he earns all good-conduct time available to him, and a projected release date of December 8, 2030, with 120 days of FSA credit credited toward his sentence.[1] Landers Decl. [12-5] Attach. C; *see* 28 C.F.R. § 523.20(b)(1) ("The [BOP] will award inmates up to 54 days of GCT credit for each year of the sentence imposed by the court. Consistent with

[1] As of October 23, 2025, Perlaza-Caicedo earned an additional 15 days of FSA credit and had a projected release date, based on those additional days, of November 23, 2030. Landers Decl. [12-1] Attach. E. As of August 10, 2026, the BOP's website provides an updated projected release date of July 11, 2030.

this methodology, the [BOP] will initially determine a projected release date by calculating the maximum GCT credit possible based on the length of an inmate's imposed sentence.").

Perlaza-Caicedo believes he is entitled to an additional 600 days of FSA credit "towards [residential reentry center/home confinement] placement." Pet. [1] at 1. He filed this petition seeking an order directing the BOP to award him those credits. Respondent responded in opposition to Perlaza-Caicedo's petition, and Perlaza-Caicedo filed a reply.

II. Analysis

"The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising . . . a challenge [to its calculation] is a petition pursuant to 28 U.S.C. § 2241 . . . in the district where the [petitioner] is incarcerated." *United States v. Sonsteng*, No. 2:17-539, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021). To the extent Perlaza-Caicedo's petition challenging the application of his FSA credits implicates the duration of his term of incarceration, it is properly before the Court. *See Maxwell v. Thomas*, 133 F.4th 453, 454 (5th Cir. 2025) ("[A] habeas petition 'is the proper vehicle to seek release from custody.'" (quoting *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020)), *cert. granted*, 2026 WL 1513325 (June 1, 2026).

The FSA created a system of "incentives and rewards for prisoners [who] participate in and complete evidence-based recidivism reduction programs" and other productive activities. 18 U.S.C. § 3632(d).

> It permits qualifying inmates to apply earned time credits towards prerelease community-based placements such as [in] a Residential Reentry Center or home confinement. 18 U.S.C. § 3624(g)(2). Further, at the discretion of the director of the BOP, time credits earned under the FSA may be applied towards release [to] supervision at an earlier date, *not to exceed 12 months.* [*Id.*] § 3624(g)(3).

*Duarte-Varsquez v. Warden, FCI Beaumont Low*, No. 1:24-CV-169, 2024 WL 4864618, at *3 (E.D. Tex. Oct. 28, 2024) (emphasis added), *report and recommendation adopted*, 2024 WL

4860787 (E.D. Tex. Nov. 20, 2024). The FSA provides that an inmate "may not earn time credits . . . for an evidence-based recidivism reduction program that the prisoner successfully completed . . . prior to the date that the prisoner's sentence commences under section 3585(a)." 18 U.S.C. § 3632(d)(4)(B)(ii). Respondent states—and Perlaza-Caicedo does not dispute—that under § 3585(a) and the BOP's applicable program statement, Perlaza-Caicedo's sentence commenced on June 13, 2024, the date he was sentenced. *See* BOP Program Statement 5880.28, at 1 - 12. So Perlaza-Caicedo was ineligible to earn FSA credits before June 13, 2024. *Stinson v. Martinez*, No. 2:23-CV-751, 2024 WL 4969169, at *6 (W.D. La. Nov. 12, 2024) ("[T]he FSA prohibits a prisoner from earning credits for any time prior to the day he is sentenced."), *report and recommendation adopted*, 2024 WL 4965618 (W.D. La. Dec. 3, 2024).

Perlaza-Caicedo is seeking credits for "accrued programming days for the time he endured on lockdown during the Global Covid-19 pandemic from January of 2020 to June of 2023 when lockdowns ended." Pet. [1] at 1. That entire window predates the commencement of Perlaza-Caicedo's sentence, so he could not have been earning FSA credits at that time. And he has not otherwise shown that his current FSA credits are incorrectly calculated.[2] *See* Landers Decl. [12-1] ¶¶ 13–16 & Attach. E. As such, he has not shown he is entitled to habeas relief.[3]

---

[2] Perlaza-Caicedo's reply, which appears to be a form document used by inmates at the Federal Correctional Complex in Yazoo City, suggests that the BOP is wrongly denying him FSA credits due to his immigration status. Reply [13] at 2 (arguing that he "does not have a Final Order of Deportation" and that "to be validly subject to deportation the order must come from a judge"). But the BOP has not taken the position that Perlaza-Caicedo is ineligible to apply FSA credits due to the presence of a final order of removal. *See* 18 U.S.C. § 3632(d)(4)(E) ("A prisoner is ineligible to apply time credits under [the FSA] if the prisoner is the subject of a final order of removal under any provision of the immigration laws . . . ."). The BOP, instead, has applied the FSA credit Perlaza-Caicedo has earned to reduce his sentence.

[3] Respondent is correct that Perlaza-Caicedo did not properly exhaust his claim with the BOP. But "[b]ecause exhaustion is not a jurisdictional prerequisite to bringing a § 2241 petition, the Court may address the merits of such a petition notwithstanding a lack of exhaustion." *Nichols v.*

III. Conclusion and Recommendation

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. Because Perlaza-Caicedo has not shown the BOP has incorrectly calculated his FSA credits, the undersigned recommends the Court deny his habeas petition.

IV. Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[4] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 14th day of August, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

*Joslin*, No. 3:04-CV-59, 2005 WL 1017833, at *4 (N.D. Tex. Mar. 25, 2005), *report and recommendation adopted*, 2005 WL 1017844 (N.D. Tex. Apr. 28, 2005).

[4] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).